## UNITED STATES v. KENOFSKEY.

(District Court, E. D. Louisiana. July 25, 1916.)

No. 3001.

POST OFFICE ☞35—OFFENSES—USE OF MAILS TO DEFRAUD.

An agent of an insurance company whose duty it was to identify remains and obtain certificates of death of persons insured, devised a scheme to defraud the insurance company by presenting to it fraudulent death claims, supported by false certificates. He knew that the claims required approval by the home office of the insurance company in another state, and that they were sent by the local office to the home office by mail, but his connection with the fraudulent claims ended when they were presented to the superintendent of the local office. *Held*, that though the superintendent of the local office sent such fraudulent claims through the mail, the agent is not guilty of the offense of using the mails in connection with the scheme to defraud denounced by Pen. Code, § 215 (Act March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. 1913, § 10385]).

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. ☞35.]

At Law. Solomon Kenofskey was indicted for postal offenses denounced by Pen. Code, § 215, and he demurs. Demurrer sustained.

Joseph W. Montgomery, Asst. U. S. Atty., of New Orleans, La.

Henriques & Otero and H. N. Gautier, all of New Orleans, La., for defendant.

FOSTER, District Judge. In this case the indictment sets up a scheme to defraud by use of the mail, in violation of section 215 of the Penal Code. The facts charged upon which the overt act is predicated are as follows: Kenofskey was an agent and assistant superintendent of the Life Insurance Company of Virginia at New Orleans, and it was part of his duty to view and identify the remains and obtain certificates of deaths of the persons insured. He devised a scheme to defraud the insurance company by presenting to it fraudulent death claims supported by false certificates. He knew all such claims required approval by the home office of the company at Richmond, Va., before payment, and were sent by mail from the local office to the home office. In pursuance of the scheme he handed certain false documents to the local superintendent at New Orleans, and he in turn approved them without knowledge of their fraudulent character, and deposited them in the mail for transmission to the home office in Richmond.

It is alleged the defendant knew the documents would be sent by mail, and intended that they should be. The depositing of the letter in the mail for the purpose of executing the scheme is the crime. The defendant did not mail the letter, and the local superintendent of the insurance company was not his agent. It is not charged it was the duty of the defendant either to prepare for mailing or to actually mail the papers. He is sought to be held on the theory that as he knew the claim would be mailed to the home office, in the usual course of

·the business, for approval before payment, he knowingly caused it to be deposited. This theory is too far-fetched to be tenable. Furthermore, in order to constitute a crime, the mailing of the letter must have been a step in the execution of the fraudulent scheme. The scheme devised by defendant was completely executed when he handed the false claim to the local agent at New Orleans.

However desirable it may be from the viewpoint of the victim to try all perpetrators of fraudulent schemes in the federal courts, this court cannot assume jurisdiction, except in clear cases.

The demurrer will be sustained.